Before I turn to our regular argument calendar, we have a motion calendar. Only one of those motions is being argued. I will call that now. United States v. Patrick Maraca. This is a bail motion. Counsel, you may proceed. Good morning, Your Honors. May it please the Court, my name is Brendan White. I represent Appellant Patrick Maraca. This is a bail pending appeal motion. The appellant's brief has already been filed in this case. Mr. Maraca is in Bureau of Prisons custody. I believe right now he is at the MDC in Brooklyn for reasons that were explained in my motion. I won't go into further detail about it. I do not believe there is a dispute here that Mr. Maraca presents no risk of flight here. He was out on bail throughout the pendency of his case and was permitted to self-surrender, and he did in a timely fashion, albeit with some intervening medical issues prior to his surrender. What do you contend is your best argument on the law that's going to give him the possibility or probability of relief such that he's going to be serving more time than he should? Absolutely, Your Honor. It relates to the district court's refusal to respond to the jury's question on a central issue in the case. Capitalization. On what is the definition of capitalization and can it include intellectual property. For what it's worth, there were 50 transcript pages of colloquy on that jury note before the judge ultimately declined to grant it. And instead told the jury to rely on the testimony of a lay witness, who I believe even the government acknowledges does not have a background in investing and certainly was not. Was the word or the term capitalization used in any of the jury addresses? I'm sorry. In any of the jury addresses, was the term capitalization used, employed? It did come up importantly with respect to of the two businesses at issue here. One of them, Metabo, there had been a capitalization notice sent out to prospective investors. There was testimony about it. Ultimately, there was significant evidence of the intellectual property that was possessed by this company, Metabo. And it's the corresponding company, NMDX. And at this point. Is capitalization a legal or a factual term? That's an interesting question. It's a question. So could you answer that question? I don't know. It's somewhere. Isn't that important for us to know? Because if you're asking it to be a part or a component of a jury instruction, then it would be a legal term, no? Correct. Did you make that argument to the judge? In other words, that it was a legal? Predecessor counsel. It appears in the tax code as apparently a pretty solid definition. I will confess I'm not a tax attorney. I don't know the precise tax code definition. For what it's worth, Judge Abrams did ask the parties to try to come up with a definition of capitalization that was acceptable to everybody. And for what it's worth, she herself recognized that this was not a similar situation to Russo, on which the government relied, and on which Judge Abrams ultimately based her decision. Because here, unlike in Russo, the government, I mean, the jury was actually asking for clarification, as Ballenbach and Anderton advise is a central role of a trial judge. We're talking about a term, unlike, say, stock parking, which was the term in Russo, essentially a slang term, you know, like check-kiting or pump-and-dump scheme to describe a kind of fraud. Here we're talking about a core term that has both a business meaning and a legal significance. It's important for tax purposes. The relevance of the term, Mr. White, in the deliberations or in the prosecution. For what it's worth, this was an unusual fraud case in many respects, including the fact that the investors, many of the investors stood by and continue to stand by Mr. Maraca. They maintain that this is a viable business with intellectual property that has value, and that they have always had faith in him. To this day? I'm sorry? To this day? To this day, at least as of the time of the filing of my brief approximately a month and a half ago, and I have not heard anything different since then. But ultimately, several investors testified as defense witnesses that, yes, this is a case where we believe these were good investments. The problem is there were two businesses. These witnesses testified specifically with respect to one and less so with respect to the other. He was also convicted of lying to the government. Is that correct? That is correct. And he received a concurrent 27-month sentence. Is that also correct? That is also correct, Your Honor, but we all know what a jury would have done. You're not – well, I don't know, but you're not challenging that conviction. I mean, you're not, with respect to at least this motion, challenging that conviction. That's correct, although I must say that it's quite conceivable that he would have received a much lower sentence. And one of the considerations on bail pending appeal is that he might have served either the entirety or a substantial portion of his sentence. And you say it's quite conceivable. What on the record could we rely on in terms of Judge Abrams' statement that would support what you just told us? Well, Judge Abrams, for what it's worth, Judge Abrams did sentence him significantly below what the pre-sentence report said as the guidelines and what the government was seeking as a sentence. And, I mean, if I may say so, in our dealings with her with respect to the surrender date, she certainly seemed to show a sense of fairness that I think very easily could have been reflected in the sentence. Had he only been – had he been acquitted, as I believe he properly would have been, had the jury been correctly instructed in capitalization. Are you seeking expedited – are you seeking an expedited appeal, a briefing? No. I am not, for various reasons, including the fact that we had to delay the surrender date many times. It just logistically – The brief has already filed. The brief has been filed, yes. Well, if we don't agree with you that he's entitled to bail pending this appeal, would you prefer an expedited appeal date? I certainly would, of course. I understand that the government has a say in that as well, and I don't know what their position would be because, frankly, I haven't discussed it with them. I will ask them, too. Pardon? I will ask them, too. I understand, Your Honor. Thank you. Thank you. Now we'll hear from the government. Good morning. May it please the Court, my name is David Abramowitz. I'm an assistant U.S. attorney for the Southern District of New York. I represent the United States on this appeal, and I also represented the United States below. Your Honors, the motion should be denied. The defendant's motion simply – the defendant's appeal simply does not raise a substantial question under Section 3143. To address Judge Loyer's question, the term capitalization here was a purely factual term. There was no legal significance to the term capitalization. This was not a tax case. The parties could not agree on what to tell the jury? The parties – that's correct, Your Honor. The defendants – the defense wanted to – had a proposed definition of capitalization that was unsourced, and – Isn't there a clear definition of capitalization in the accounting standards, for example? Perhaps, Your Honor, but that was not presented in the record. And just to put this into context, this was not a major point at this trial. The context in which capitalization arose was that of the many lies the defendant told his investors, there was one brochure he gave an investor that said that a certain company had, quote, capitalization to date of $1.5 million. And the investor testified for the government that his understanding, based on that representation, and his discussions with the defendant, were that this was a company that had raised money previously from investors. There were other statements in the brochure that said they had already – Was there a question on cross-examination or even actually on direct examination to that investor about what that investor understood the term capitalization to mean? There was on direct examination, Your Honor. And the witness testified that his understanding – and I'm paraphrasing a bit – was that that's how much money had been raised in what the defendant had said were prior fundraising rounds. The government proved that those prior rounds had never occurred, there was no money in the bank account, and there was no evidence of any capitalization along the lines of $1.5 million. Counsel, it couldn't have been a minor point if the jury asked about it. You say it's a minor point, but it troubled them enough to ask a question about it. Your Honor, I think the jury can ask about all sorts of questions, minor and major, but the fact that no definition was provided was completely appropriate, given that there was not a definition in the record beyond what the testimony had been. And the defense had an opportunity to call its own witness if it felt – Did the court offer to reread the section of the record that dealt with it? Yes. The government's proposal was to send back all portions of the record that referred at all to capitalization. And was that done? I don't recall. I believe the defense opposed that request because they felt that it would focus on what they considered an incorrect definition or understanding of the term. So the jury was left in a quandary. The jury was informed that it would be outside the province of the court to instruct them about facts that were not in the record, which is entirely appropriate. It's a fundamental principle in our system that the jurors are the fact-finders and the court instructs on the law. Approximately how long after Judge Abrams provided that response did the jury return? I'm not sure exactly how long. I believe it was the same day, Your Honor. They had been deliberating for quite some time. But to be clear, there were many, many, many other misstatements that were in evidence and that the jury could rely on. This was a drop in the bucket in the government's evidence. And yet it's the drop that puzzled the jury. And that's correct, Your Honor. And I think the next question would be, even if it's a substantial question whether the court should have provided an instruction on this factual issue, what would be the result of not providing that instruction? And the logical result is that the jury would remain puzzled and would perhaps move on to the other evidence and see if that evidence is sufficient to prove beyond a reasonable doubt that the defendant is guilty. There's no reason to conclude that the Court's refusal to provide extra information somehow hurt the defendant. It would have been prejudicial to the defendant had the Court provided a definition or some sort of instruction that went against the defendant or somehow favored the government's theory of the case. That is not what the Court did. Does the government have a position on expediting this appeal? Yes, Your Honor. We oppose expedited appeal. We note that the defense has already filed its brief. We consented to an extension of the time for the defendant to file that brief. And now we are on the clock. And so we do. When is your brief due again? Just remind me. I believe January 27th. So if we expedited, all that would do would be to schedule it as soon as you file your brief and defense has an opportunity for a reply brief? That would be fine, Your Honor. I mean, you'd be ready for argument within two weeks or whatever. That would be fine, yes, Your Honor. Two weeks of your filing, say, if we expedited the defendant's reply brief. You have no objection to that? Right. We have no objection to that. Unless the Court has further questions, I'll rest on our submission. Thank you. Thank you. Thank you both. We'll reserve a decision and try and get a decision out quickly.